## Ex Parte John Alex HALLMARK, Appellant.

### No. 71865.

Court of Criminal Appeals of Texas.

June 15, 1994.

Rehearing Denied Sept. 21, 1994.

---

5. Tex.Gov't Code § 52.046(a)(4).

John Alex Hallmark, pro se.

Daniel C. Rice, Dist. Atty., Michael R. Davis, Asst. Dist. Atty., Conroe, and Robert Huttash, State's Atty., Austin, for the State.

### *OPINION*

PER CURIAM.

This is a post-conviction application for a writ of habeas corpus filed pursuant to Article 11.07, § 2, V.A.C.C.P. In 1983 Applicant pled guilty and was convicted of murder and attempted capital murder. He was sentenced to confinement for forty years and twenty years, respectively. Both offenses were committed in October, 1982. Applicant contends he is being denied restoration of good conduct time that he forfeited while incarcerated because of retroactive application of V.T.C.A. Government Code, § 498.-005. Applicant alleges this violates the *ex post facto* provisions of the United States

Constitution, Article 1, § 9, and the Texas Constitution, Article 1, § 16.

Section 498.005 states:

At least annually, the board shall review the institutional division's rules relating to restoration of good conduct time that has been forfeited, the manner in which inmates are reclassified, and the manner in which additional good conduct time is awarded retroactively to inmates who have been reclassified. The board shall consider in its review whether the inmate overcrowding in the institutional division has decreased and whether it is necessary for purposes of decreasing overcrowding to classify inmates according to Section 498.-002 to restore good conduct time under Section 498.004, or to award additional good conduct time retroactively to inmates who have been reclassified. If the board determines that overcrowding has decreased and it is not necessary to restore good conduct time or award additional good conduct time, it shall direct the institutional division to discontinue those practices.

Applicant states that the Institutional Division of the Texas Department of Criminal Justice issued an order pursuant to § 498.-005, effective November 20, 1993, directing that forfeited good conduct time will no longer be restored. He contends that application of this policy to his case constitutes an *ex post facto* violation because his offense occurred prior to the effective date of this policy and § 498.005.

In *Ex Parte Rutledge*, 741 S.W.2d 460 (Tex.Cr.App.1987), this Court addressed an *ex post facto* claim in the context of good time credit. We held *ex post facto* provisions of the state and federal constitutions were violated by retroactive application of an amendment to the Prison Management Act, Article 6184o, V.A.C.S. Such application prevented a defendant from receiving good time credit for which he would have otherwise been eligible based upon law in effect on the date of the commission of his offense. We analyzed the issue under then-applicable interpretation of *ex post facto* law to find that retroactive application of the amendment acted "to the substantial disadvantage of the

applicant (whether or not it is technically considered an increase in the punishment)." *Id.* at 462.

■ Since our decision in *Ex Parte Rutledge* we have followed the reasoning of the United States Supreme Court and returned to an earlier interpretation of *ex post facto* law. In *Grimes v. State,* 807 S.W.2d 582 (Tex.Cr.App.1991), we disavowed the "substantial protections" concept used in *Ex Parte Rutledge,* and adopted the analysis in *Collins v. Youngblood,* 497 U.S. 37, 110 S.Ct. 2715, 111 L.Ed.2d 30 (1990). Therefore, for purposes of an analysis under the state or federal constitution of a claimed *ex post facto* violation we determine (1) whether the statute punishes as a crime an act previously committed which was innocent when done; (2) whether the statute changes the punishment and inflicts greater punishment than the law attached to a criminal offense when committed; or (3) whether the statute deprives a person charged with a crime of any defense available at the time the act was committed. *Collins v. Youngblood,* 497 U.S. at 42–43, 110 S.Ct. at 2719, 111 L.Ed.2d at 38–39.

■ Applicant contends application of § 498.005 and the policy adopted pursuant to that section is an *ex post facto* violation under *Ex Parte Rutledge,* presumably because it increases the punishment attached to his offense. We do not agree.

In 1977 Article 6181–1, § 4, V.A.C.S., replaced Article 61841, V.A.C.S., concerning good conduct time. Article 6181–1, § 4 specifically stated that good conduct time "applies only to eligibility for parole or mandatory supervision,...." This section also declared that all or part of an inmate's accrued good conduct time could be forfeited based upon violations of rules within the department. The director might, in his discretion, restore that forfeited time. Subsequent statutory provisions up to and including the current provisions, V.T.C.A. Government Code, §§ 498.003, 498.004, and 498.005, state that good conduct time applies only to eligibility for parole or mandatory supervision and may be forfeited for violation of the rules within the department.

Section 498.005 and the policy enacted pursuant thereto refusing to restore forfeited good time do not increase the punishment proscribed for an offense. The statutes governing good time and forfeiture have, since 1977, specifically stated that good conduct time applies only to eligibility for parole or mandatory supervision. Art. 6181–1, § 4; § 498.003. Once an inmate is paroled or released to mandatory supervision the period of parole is equal to the maximum term for which the person was sentenced less calendar time actually served on the sentence. A person's sentence is not reduced by good time credit. Article 42.18, § 8, V.A.C.C.P. Unlike the Florida statute in *Weaver v. Graham,* 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981), in which good time decreased the actual sentence, our statutes use good time credit *only* for eligibility for parole or mandatory supervision. Good time credit has no effect on the length of sentence imposed. Therefore, Applicant's punishment has not been affected by the forfeiture of good time. Retroactive application of the policy ordered pursuant to § 498.005 does not violate *ex post facto* provisions of the state or federal constitutions. All relief is denied.