cv6-226.dd.thomas 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00226-CV







Dan Thomas, Appellant



v.



Texas Board of Criminal Justice, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 94-14948, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING







PER CURIAM



 Dan Thomas appeals the trial-court's dismissal of his challenge to the Texas Board of
Criminal Justice's decision to stop allowing inmates who lost good-time credits to regain them. The court
dismissed the case as frivolous under Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West Supp.
1996). We will affirm the judgment.

 Thomas challenges a change to the good-time credits program that allows the release of
inmates before they serve their full prison sentence. Under the program, inmates earn credits for good
behavior. Inmates who accrue sufficient good-time credits can be released early on parole or mandatory
supervision. Misbehavior can cause forfeiture of good-time credits, but, until the Board decision challenged
here, inmates could regain the forfeited credits. See Ex parte Hallmark, 883 S.W.2d 672, 673 (Tex.
Crim. App. 1994). The Legislature instructed the Board to consider whether prison overcrowding had
eased enough to justify ending the program. See Tex. Gov't Code Ann. § 498.005 (West Supp. 1996);
see also Hallmark, 883 S.W.2d at 673. Consequently, the Board ordered that, effective November 20,
1993, forfeited good-time credit would not be restored. See id. Thomas sought a declaratory judgment
that the termination of the credit restoration program was unconstitutional and an injunction preventing
enforcement of the new directive.

 Thomas contends that the court erred by dismissing his claim because he had arguable
bases in law. He contends that the termination of the good-time restoration program was an ex post facto
law or bill of attainder because it lengthened his sentence after he was imprisoned. He contends that the
termination violated his liberty interest in the reinstatement of good-time credits. He also seems to complain
that the court should not have dismissed because the State did not plead a special exception.

 We review the dismissal for abuse of discretion. See Moore v. Collins, 897 S.W.2d 496,
499 (Tex. App.--Houston [1st Dist.] 1995, no writ). We must consider whether the appellant had an
arguable basis in law or in fact for his claim. Id.

 The Court of Criminal Appeals has decided that claims like Thomas's are meritless. The
high court has held that the Board's order is not an ex post facto law because it does not punish for acts
that were legal when performed, does not retroactively lengthen prison terms, and does not deprive anyone
of a defense available when a crime was committed. See Hallmark, 883 S.W.2d at 674. Nor is it a bill
of attainder, a law that punishes an identifiable individual or group without a trial. See Black's Law
Dictionary 165 (6th ed. 1990). The order did not impose additional punishment, but merely restricted a
method of reducing the punishment imposed. The court also has held that inmates have no liberty interest
in the restoration of good-time credits because the corrections director has unfettered discretion to restore
the credits; the court also held that the statutory language indicating that the restoration was a function of
prison overcrowding and subject to Board review eliminated any illusion of a liberty interest. Tex. Gov't
Code Ann. § 498.005 (West Supp. 1996); Ex parte Montgomery, 894 S.W.2d 324, 328-29 (Tex. Crim.
App. 1995). 

 We find no basis for Thomas's procedural complaint, either. Thomas cites no authority for
the proposition that the Board was required to plead a special exception. The Legislature has decided that
courts can dismiss meritless claims before the defendant is served with notice of the petition. See Tex. Civ.
Prac. & Rem. Code Ann. § 13.001(c) (West Supp. 1996). The Board has shown Thomas's claims to be
meritless even without filing a special exception. We find no abuse of discretion in the dismissal of these
frivolous claims. We overrule Thomas's arguments and points of error. 

 We affirm the judgment.



Before Justices Jones, Kidd and B. A. Smith

Affirmed

Filed: October 30, 1996

Do Not Publish



NTER>




PER CURIAM



 Dan Thomas appeals the trial-court's dismissal of his challenge to the Texas Board of
Criminal Justice's decision to stop allowing inmates who lost good-time credits to regain them. The court
dismissed the case as frivolous under Tex. Civ. Prac. & Rem. Code Ann. § 13.001(a)(2) (West Supp.
1996). We will affirm the judgment.

 Thomas challenges a change to the good-time credits program that allows the release of
inmates before they serve their full prison sentence. Under the program, inmates earn credits for good
behavior. Inmates who accrue sufficient good-time credits can be released early on parole or mandatory
supervision. Misbehavior can cause forfeiture of good-time credits, but, until the Board decision challenged
here, inmates could regain the forfeited credits. See Ex parte Hallmark, 883 S.W.2d 672, 673 (Tex.
Crim. App. 1994). The Legislature instructed the Board to consider whether prison overcrowding had
eased enough to justify ending the program. See Tex. Gov't Code Ann. § 498.005 (West Supp. 1996);
see also Hallmark, 883 S.W.2d at 673. Consequently, the Board ordered that, effective November 20,
1993, forfeited good-time credit would not be restored. See id. Thomas sought a declaratory judgment
that the termination of the credit restoration program was unconstitutional and an injunction preventing
enforcement of the new directive.

 Thomas contends that the court erred by dismissing his claim because he had arguable
bases in law. He contends that the termination of the good-time restoration program was an ex post facto
law or bill of attainder because it lengthened his sentence after he was imprisoned. He contends that the
termination violated his liberty interest in the reinstatement of good-time credits. He also seems to complain
that the court should not have dismissed because the State did not plead a special exception.

 We review the dismissal for abuse of discretion. See Moore v. Collins, 897 S.W.2d 496,
499 (Tex. App.--Houston [1st Dist.] 1995, no writ). We must consider whether the appellant had an
arguable basis in law or in fact for his claim. Id.

 The Court of Criminal Appeals has decided that claims like Thomas's are meritless. The
high court has held that the Board's order is not an ex post facto law because it does not punish for acts
that were legal when performed, does not retroactively lengthen prison terms, and does not deprive anyone
of a defense available when a crime was committed. See Hallmark, 883 S.W.2d at 674. Nor is it a bill
of attainder, a law that punishes an identifiable individual or group without a trial. See Black's Law
Dictionary 165 (6th ed. 1990). The order did not impose additional punishment, but merely restricted a
method of reducing the punishment imposed. The court also has held that inmates have no liberty interest
in the restoration of good-time credits because t