NO. 12-02-00196-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT


 

TYLER, TEXAS


 


REYNALDO ROJANO LOPEZ,
§
 APPEAL FROM THE 369TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


GARY JOHNSON, DIRECTOR OF

TEXAS DEPARTMENT OF §
 ANDERSON COUNTY, TEXAS

CRIMINAL JUSTICE, ET AL.,

APPELLEES





 

 Reynaldo Rojano Lopez ("Lopez"), an inmate in the Texas Department of Criminal Justice-Institutional Division ("TDCJ"), proceeding pro se, filed an in forma pauperis suit against Gary
Johnson, director of TDCJ. Lopez appeals the trial court's order dismissing his suit pursuant to
Texas Civil Practice and Remedies Code section 14.001, et seq. Lopez raises four issues on appeal. 
We affirm.


Background

 Lopez was convicted and sentenced to imprisonment for ten years. (1) The trial court suspended
Lopez's sentence and placed Lopez on probation for a period of ten years. (2) Sometime between
September 1, 1989 and September 1, 1995 and prior to the expiration of Lopez's probationary
period, the State of Texas successfully moved to revoke Lopez's probation. (3) Lopez was
subsequently incarcerated and, on April 29, 2002, while still incarcerated, filed a civil suit against
Gary Johnson, Director of the TDCJ. In his suit, Lopez sought a declaratory judgment that Texas
Government Code section 497.099(a), which requires the Department to require each inmate to work
to the extent that the inmate is physically and mentally capable, (4) violates Lopez's constitutional
protections against ex post facto laws, double jeopardy and involuntary servitude. On June 17, 2002,
without conducting a hearing, the trial court dismissed Lopez's suit pursuant to Texas Civil Practice
and Remedies Code section 14.001, et seq. and this appeal followed.


Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14

 Appellant argues that the trial court's dismissal of his lawsuit was improper. (5) We review the
trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.- Waco 1996, no writ). A trial court abuses its discretion
if it acts arbitrarily, capriciously and without reference to any guiding rules or principles. Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.- Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.- Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.- Tyler 1994, no writ). However, the trial court is limited to
determining whether the claim has an arguable basis in law or fact. See Smith v. TDCJ, 33 S.W.3d
338, 340 (Tex. App.- Texarkana 2000, pet. denied). When the trial court dismisses a claim without
conducting a fact hearing, we are limited to reviewing whether the claim had an arguable basis in
law. Id.; see also Sawyer v. TDCJ, 983 S.W.2d 310, 311 (Tex. App.- Houston [1st Dist.] 1998, pet.
denied).

Ex Post Facto Laws

 In his pleadings, Lopez alleges that Texas Government Code section 497.099(a) violates his
constitutional protections against ex post facto laws. (6) An ex post facto law is an enactment that (1)
punishes as a crime an act previously committed, which was innocent when done, (2) makes more
burdensome the punishment for a crime, after its commission, or (3) deprives one charged with a
crime of any defense available according to the law at the time when the act was committed. See Ex
parte Scales, 853 S.W.2d 586, 588 (Tex. Crim. App. 1993) (citing Collins v. Youngblood, 497 U.S.
37, 51-52, 110 S. Ct. 2715, 2724, 111 L. Ed. 2d 30 (1990)). Essentially, legislatures may not
retroactively alter the definition of crimes or increase the punishment for criminal acts. Collins, 497
U.S. at 41-43, 110 S. Ct. at 2719.

 Lopez argues that by enacting Section 497.099(a), the legislature increased the punishment
for his crime. We disagree. Irrespective of the crime for which Lopez was convicted, the
punishments set forth for crimes by the applicable penal code sections in effect in 1985 describe
punishment in terms of time of imprisonment and/or amounts of fines. (7)
 In Ex parte Hallmark, 883
S.W.2d 672 (Tex. Crim. App. 1994), the court addressed a question similar to the issue presented
in the instant case. In Hallmark, the appellant contended that retroactive application of a section of
the Texas Government Code, since repealed, which concerned restoration of good conduct time for
incarcerated persons, violated provisions of both the United States Constitution and the Texas
Constitution related to the prohibition of ex post facto laws. See Hallmark, 883 S.W.2d at 673. The
court determined that since the appellant's punishment, the length of the appellant's sentence, was
not affected by his forfeiture of good conduct time, which was a credit earned toward the appellant's
eligibility for parole, the statute providing for the forfeiture of this credit was not an ex post facto
law. Id. at 674.

 Similar to Hallmark, the retroactive application of Section 497.099(a) does not affect the
length of Lopez's sentence, and thus, does not increase his punishment. Although Lopez argues that
"only an unusual prisoner could be expected to think he was not suffering a penalty when he is
forced to work in ... [a] work program when his sentence had been commuted to confinement alone,"
Lopez cites no authority to support that Section 497.099(a)'s work requirement is punishment as a
matter of law. (8) As such, we conclude that since the retroactive application of Section 497.099(a)
does not affect the length of Lopez's sentence, it does not violate his constitutional rights as an ex
post facto law. Therefore, the trial court's dismissal was appropriate under the law, and, as it related
to Lopez's constitutional protections against ex post facto laws, was not an abuse of discretion. See
Johnson, 796 S.W.2d at 706-07. 

Involuntary Servitude

 Lopez also alleges in his petition that the retroactive application of Section 497.099(a)
violates his protections against involuntary servitude set forth in the Thirteenth Amendment to the
United States Constitution. We disagree. When a person is duly tried, convicted and sentenced in
accordance with the law, no issue of peonage or involuntary servitude arises. Ali v. Johnson, 259
F.3d 317, 318 (5th Cir. 2001); see Estes v. Johnson, No. 3:00-CV-1890-L, 2001 U.S. Dist. LEXIS
14814, *12-13 (N.D. Tex. Jul. 30, 2001). Given the foregoing authority, we conclude that the trial
court's dismissal of Lopez's suit on such grounds is in accordance with the law and therefore, does
not amount to an abuse of discretion.

Double Jeopardy

 In his pleadings, Lopez next alleges that the retroactive application of Section 497.099(a)
violates his constitutional protections against double jeopardy because it constitutes multiple
punishments for the same offense. The Double Jeopardy Clause provides that no "person [shall] be
subject for the same offence to be twice put in jeopardy of life or limb." Hudson v. United States,
522 U.S. 93, 98, 118 S. Ct. 488, 493, 139 L. Ed. 2d 450 (1997). We have long recognized that the
Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, "in
common parlance," be described as punishment. Hudson, 522 U.S. at 98-99, 118 S. Ct. at 493. The
clause protects only against the imposition of multiple criminal punishments for the same offense. 
Hudson, 522 U.S. at 99, 118 S. Ct. at 493. 

 Here, the issue is whether the inmate work requirement set forth in Section 497.099(a)
constitutes secondary punishment for the offense for which Appellant was originally convicted. As
set forth above, the punishments set forth for crimes by the applicable penal code sections in effect
in 1985 describe punishment in terms of time of imprisonment and/or amounts of fines. See n.7. 
Since Lopez has failed to cite to any authority holding that the inmate work requirement in Section
497.099(a) or its applicable predecessors constitutes punishment for the crime for which he was
convicted, we hold that the trial court did not abuse its discretion in dismissing Lopez's lawsuit on
such grounds. Lopez's issues one, two, three and four are overruled.

 Accordingly, the trial court's order dismissing Lopez's lawsuit is affirmed.


 LOUIS B. GOHMERT, JR. 

 Chief Justice


Opinion delivered November 20, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.



(DO NOT PUBLISH)
1. These facts are taken from Lopez's brief for the purpose of clarity. These facts are not contained in the
clerk's record. For instance, the record does not indicate the crime for which Lopez was convicted.
2. See n. 1.
3. See n. 1.
4. Section 497.099(a) provides, 


 "The department shall require each inmate ... to work in an agricultural, industrial, or other work
program to the extent that the inmate ... is physically and mentally capable of working. The
department may waive the work requirement for an inmate ... as necessary to maintain security or
to permit the inmate ... to participate in rehabilitative programming." 


 Tex. Gov't. Code. Ann. § 497.099(a) (Vernon 2003).
5. In four issues, Lopez attempts to argue the merits of his case. While the merits of Lopez's case are
certainly germane to our decision, we construe Lopez's issues liberally in the interest of justice to include the
contention that the trial court's dismissal was improper. As such, our primary focus concern is whether the trial
court abused its discretion, which requires a review of Lopez's pleadings to the trial court to determine whether
Lopez's claim had any arguable basis in law. See, e.g., Murray v. O&A Express, Inc., 630 S.W.2d 633, 636 (Tex.
1982) (A plaintiff's petition defines the issues in the lawsuit.).
6. Lopez divides his attention between Section 497.099(a) and its predecessor, Texas Government Code
section 497.909, enacted in 1995 and replaced by Section 497.099(a) in 1999. See Tex. Gov't. Code Ann. §
497.099(a) (Vernon 2003); Acts 1995, 74th Leg., ch. 321, § 1.040, eff. Sept. 1, 1995, Repealed by Acts 1999, 76th
Leg., ch. 1188, § 1.50, eff. Sept. 1, 1999. As they relate to Lopez's argument, the differences between the two
sections is negligible. Thus, in the interest of brevity, we will refer only to Section 497.099(a), but have considered
Lopez's claims as they relate to both statutes.
7. See Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1973, 63rd Leg., p.
1124, ch. 426, art. 2, § 2, eff. Jan. 1, 1974; Acts 1979 66th Leg., p. 1058, ch. 488, § 1, eff. Sept. 1, 1979, Acts 1993,
73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994. Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended
by Acts 1973, 63rd Leg., p. 1124, ch. 426, art. 2, § 2, eff. Jan. 1, 1974; Acts 1993, 73rd Leg., ch 900, § 1.01, eff.
Sept. 1, 1994. Acts 1973, 63rd Leg., p. 883, ch. 399, § 1, eff. Jan. 1, 1974. Amended by Acts 1973, 63rd Leg., p.
1124, ch. 426, art. 2, § 2, eff. Jan. 1, 1974; Acts 1989, 71st Leg., ch. 785, § 4.01, eff. Sept. 1, 1989; Acts 1990, 71st
Leg., 6th C.S., ch. 25, § 7, eff. June 18, 1990; Acts 1993, 73rd Leg., ch. 900, § 1.01, eff. Sept. 1, 1994.


8. In his brief, Lopez cites Texas Revised Civil Statute Annotated article 6166x, stating that the statute
"add[ed] forced labor to the punishment imposed by the court of conviction." The revised civil statute Lopez cites
does not support such a proposition and has since been repealed. See Acts 1927, 40th Leg., p. 298, ch. 212, § 25. 
Amended by Acts 1929, 41st Leg., p. 485, ch. 229, § 1.