TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-02-00338-CV






William E. Spaulding, III, Appellant



v.



Gary Johnson and A.M. Stringfellow, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT


NO. GN103592, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N




 William E. Spaulding, III, appeals from the trial court's summary judgment rendered
against him in his suit against appellees Gary Johnson and A.M. Stringfellow (1) challenging certain
policy changes in the administration of good conduct time credits ("good time"). We affirm the
summary judgment.

Factual and Procedural Background


 Appellant began serving a thirty-five year sentence in the Texas Department of Corrections-Institutional Division on August 8, 1981. (The record is silent as to the offense that appellant
committed.) Appellant was released onto mandatory supervision on May 25, 1995. (2) Following an
infraction at his halfway house, his mandatory supervision was revoked on July 27, 1995. He was
returned from confinement in the Tarrant County Jail to custody in the Texas Department of
Corrections-Institutional Division on November 28, 1995. The good time that he had previously
accumulated while in the institutional division was forfeited. In his suit, (3) appellant complains that
the Texas Board of Criminal Justice in 1993 and 1995 enacted unauthorized changes to the policies
concerning good time credits that prevented him from having his forfeited good time credit restored. 
His suit seeks to have those policies declared void and to have his good conduct time restored. (4)

Applicable Statutes


 Appellant's challenge involves the interaction of former section 498.004 of the Texas
Government Code, "Forfeiture and Restoration of Good Conduct Time," and former section
498.005, "Annual Review of Classification." Immediately before September 1, 1995, the relevant
portion of section 480.004 read: (5)



 On the revocation of parole or mandatory supervision of an inmate, the inmate
forfeits all good conduct time previously accrued. On return to the institutional
division, the inmate may accrue new good conduct time for subsequent time
served in the division. The director of the institutional division may restore
good conduct time forfeited on a revocation that does not involve a new criminal
conviction after the inmate has served at least three months of good behavior in
the institutional division, subject to rules adopted by the division. Not later than
the 60th day after the date an inmate is returned to the institutional division
following a revocation of parole or mandatory supervision, the pardons and
paroles division shall notify the director of the institutional division of the
grounds for revocation.




Act of March 25, 1991, 72d Leg., R.S., ch. 16, § 10.01, sec. 498.004, 1991 Tex. Gen. Laws 270, 

298. The other applicable statute, former section 498.005, read:


At least annually, the board shall review the institutional division's rules relating to
restoration of good conduct time that has been forfeited, the manner in which inmates
are reclassified, and the manner in which additional good conduct time is awarded
retroactively to inmates who have been reclassified. The board shall consider in its
review whether the inmate overcrowding in the institutional division has decreased
and whether it is necessary for purposes of decreasing overcrowding to classify
inmates according to Section 498.002, to restore good conduct time under Section
498.004, or to award additional good conduct time retroactively to inmates who have
been reclassified. If the board determines that overcrowding has decreased and it is
not necessary to classify inmates according to Section 498.002(a), it shall order the
institutional division to classify inmates according to Section 498.002(b). If the
board determines that overcrowding has decreased and it is not necessary to restore
good conduct time or award additional good conduct time, it shall direct the
institutional division to discontinue those practices.



Id. § 498.005. Effective September 1, 1995, the statutes changed to their current versions:




 On the revocation of parole or mandatory supervision of an inmate, the inmate
forfeits all good conduct time previously accrued. On return to the institutional
division, the inmate may accrue new good conduct time for subsequent time
served in the division. The department may not restore good conduct time
forfeited on a revocation.




Act of May 26, 1995, 74th Leg., R.S., ch. 249, § 4, 1995 Tex. Gen. Laws 2175, 2175 (now codified 

at Tex. Gov't Code Ann. § 498.004(a) (West 1998)). (6)

 In April 1995, the Board directed the Department to cease the restoration of good 
time that had been forfeited after a return from parole or mandatory supervision. Appellant contends
that before September 1, 1995, the Board could order the Department to cease the restoration of good
conduct time only if it found that overcrowding had decreased. He contends that the Board failed
to establish that the necessary prerequisite had occurred and so it lacked the authority to promulgate
the April 1995 policy. The State moved for summary judgment on the bases that the statute of
limitations barred appellant's claim and that appellant had not demonstrated the necessary liberty
interest to prevail on a due process claim concerning the restoration of his good conduct time. As
part of its second ground, the State argued that the trial court lacked jurisdiction because appellant
provided no statutory authority for his ability to bring his claim that the State acted outside its legal
authority. The court granted summary judgment. On appeal, appellant contends that the trial court
erred in granting summary judgment because the statute of limitations had been tolled (issues one
and two) and he had established the necessary liberty interest to sustain a due process claim (issues
three through six).


Discussion



Standard of Review


 This Court reviews a summary judgment under a de novo standard of review. 
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994). The standards for reviewing a
traditional motion for summary judgment are (1) the movant has the burden of showing there is no
genuine issue of material fact and the movant is entitled to judgment as a matter of law; (2) in
deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true; and (3) every reasonable inference will be indulged
in favor of the nonmovant and any doubts resolved in the nonmovant's favor. Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985). A defendant is entitled to summary judgment if
at least one element of each of the plaintiff's causes of action is negated as a matter of law. Doe v.
Boys Clubs of Greater Dallas, Inc., 907 S.W.2d 472, 476-77 (Tex. 1995). Once a defendant negates
an element of a plaintiff's cause of action, the burden shifts to the plaintiff to come forward with
competent controverting evidence raising a genuine issue of material fact with regard to the
challenged element. Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995).

 Appellees moved for summary judgment on two grounds. When a movant asserts
multiple grounds for summary judgment, and the order does not state the theory upon which the trial
court based its judgment, the non-movant on appeal must negate any grounds on which the trial court
could have granted the order. Malooly Brothers, Inc. v. Napier, 461 S.W.2d 119, 121 (Tex. 1970). 
Otherwise, we affirm the summary judgment if any one of the theories advanced has merit.


Appellant's Litigation


 We share the State's concern that appellant's pleadings are unclear about what cause
of action appellant brings. His suit appears to be in the nature of a declaratory judgment concerning
his and appellees' rights and obligations under the laws and policies concerning good time credits,
specifically the restoration of forfeited good time credits. Appellant complains that before the
September 1, 1995, amendment to section 498.004, the Board was without authority to order the
Department to cease the restoration of good conduct time without making a prerequisite finding that
overcrowding had declined. Appellant asks that we hold that the Board's policy was void and argues
that inasmuch as his good conduct time was forfeited pursuant to a void policy, it should be restored.

 We note that, although former section 498.005 made it mandatory for the Board to
order the Department to cease the restoration of good conduct time if it found a decrease in
overcrowding, it likewise called on the Board to only consider overcrowding as one factor in its
annual review of inmate classification and good time policies, seemingly leaving open to the Board's
discretion a decision to end the restoration of good conduct time for all or some types of violations,
depending on all the facts and circumstances. The statute does not seem to mandate that the Board
could cease the restoration of good conduct time only if overcrowding decreased.

 Further, although former section 498.004 gave the Department discretion to restore
good time in any individual case, it did not mandate such a restoration. At least since 1977, Texas
law has provided that good time credits apply only to eligibility for parole or mandatory supervision
rather than actually reducing an inmate's sentence. Act of May 30, 1977, 65th Leg., R.S., ch. 347,
§ 3, 1977 Tex. Gen. Laws 932, 932. From that time until the September 1, 1995 change, the statute
made restoration of good conduct time discretionary.

 The record leaves unclear the actual date when appellant's accrued good time was
forfeited, as opposed to his re-arrest and re-incarceration. However, even if we use the date that
appellant seems to assert as the controlling date, July 27, 1995, his pleadings show injury, not from
an allegedly unlawful action by the Board, but from the change in the statute. Appellant argues that
the pre-1995 version of the statute applies. Assuming without deciding the correctness of that
conclusion, under the pre-1995 version of the statute, appellant had to be re-incarcerated for at least
three months before he was eligible for the then-discretionary restoration of his good conduct time. (7) 
Act of March 25, 1991, 72d Leg., R.S., ch. 16, § 10.01, sec. 498.004, 1991 Tex. Gen. Laws 270, 298
(former § 498.004(b)) ("may restore good conduct time . . . after . . . at least three months"). Three
months starting from July 27 yields a date well after September 1. Therefore, at the time of the
change in the statute, appellant was not even eligible for restoration of his good conduct time under
the pre-1995 version of the statute. Thus, at the earliest time that appellant was eligible for that
restoration, the statute had changed, removing the Board's discretion to restore his good time
credits. (8) Consequently, the trial court correctly determined that as a matter of law, the Board was
without discretion to restore appellant's good time credits. We overrule issues three through six.

 Appellees also moved for summary judgment based on the statute of limitations. 
Because we have affirmed the summary judgment on another basis, we do not consider the
limitations issue raised in points one and two.


Conclusion



 We hold that appellees established that they were entitled to summary judgment as
a matter of law. We affirm the trial court's judgment.



 __________________________________________

 Mack Kidd, Justice

Before Chief Justice Law, Justices Kidd and Patterson

Affirmed

Filed: October 30, 2003
1. Gary Johnson was the Executive Director of the Texas Department of Criminal Justice at the
time this suit was filed and continues in that position. A. M. Stringfellow was the Chair of the Texas
Board of Criminal Justice. It is not clear in what capacity appellant sued appellees. Appellant refers
in his original petition to having sued them both individually and in their official capacities, but after
his initial pleading he dropped the reference to their official capacities from his style in his filings
(including his notice of appeal). However, the disposition of the case is not affected by the capacity
in which appellees were sued. Christina Crain is now the Chair of the Texas Board of Criminal
Justice and is substituted for A.M. Stringfellow in his official capacity. See Tex. R. App. P. 7.2(a)
(automatic substitution of public officer). The style of the appeal will not change. For convenience,
appellees will be referred to collectively as "the State" or individually as the "Department" or the
"Board."
2. Under the law in effect at the time, when an inmate's good conduct time and time served
equaled the total sentence, the inmate was automatically released to "mandatory supervision." A
release to parole was discretionary. The mandatory supervision statute was amended in 1996 to
allow certain exceptions to release even if the inmate otherwise qualified for release onto mandatory
supervision. See Tex. Gov't Code Ann. § 508.149(b) (West 1998).
3. Appellant proceeded pro se at trial and proceeds pro se on appeal. Appellant did not proceed
in forma pauperis. Accordingly, Chapter 14 of the Texas Civil Practice and Remedies Code that sets
certain requirements for inmates proceeding under an affidavit of indigence, such as a disclosure of
previously filed suits and their outcomes, does not apply. See Tex. Civ. Prac. & Rem. Code Ann.
§§ 14.001-.014 (West 2002).
4. It is not clear that the 1993 Board policy could have affected appellant. The 1993 policy
appears to have affected only the restoration of good time following a disciplinary violation
occurring while the inmate was incarcerated. There is no evidence in the record that appellant
incurred such a violation.
5. Subsection (a) of section 498.004 applied to restoration of good time forfeitures based on
disciplinary violations while incarcerated. There is no evidence that this subsection applies, as the
only forfeiture of good time disclosed in the record was under (b) above.
6. Section 498.005 now reads simply:


 At least annually, the board shall review the institutional division's policies relating to
the manner in which inmates are classified and reclassified, and the manner in which
additional good conduct time is awarded retroactively to inmates who have been
reclassified.


Tex. Gov't Code Ann. § 498.005 (West 1998).
7. Although appellant asserts that under policies in effect before April 1985, it was customary for
good conduct time to be restored for mandatory supervision revocations that did not involve a
criminal act, he provided no evidence in the record of such a policy.
8. Application of the September 1, 1995, change was not an improper ex post facto law. See Ex
parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994).