United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 10, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20980
Conference Calendar

———————————

JERRY CHARLES PALMER,

Plaintiff-Appellant,

versus

TEXAS BOARD OF PAROLES; TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CV-2722
--------------------

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jerry Charles Palmer, Texas prisoner # 518865, appeals the
district court's order denying his FED. R. CIV. P. 60(b) motion
after dismissing without prejudice his 42 U.S.C. § 1983 action,
construed as a 28 U.S.C. § 2254 application, for failure to
exhaust state remedies. Palmer argues that the district court
erred in construing his 42 U.S.C. § 1983 action as a 28 U.S.C.
§ 2254 application. He argues that the district court made an
error of law and should have granted his post-judgment motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

He states that he is aggrieved by the procedures used by the Parole Board to deny his application for parole and to consider his parole. He states that he is not seeking and has never sought release, but that he is only complaining about the procedures used in the consideration and denial of his parole application, and that it was proper for him to challenge these procedures in a 42 U.S.C. § 1983 action.

Even if his claim is construed as a civil rights claim properly filed under 42 U.S.C. § 1983, Palmer has not stated a constitutional claim because he has no liberty interest in obtaining parole in Texas, and so he has no claim for violation of due process in the procedures attendant to his parole decision. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (denying claim that parole review procedures deny due process because they give no advance written notice of hearings, no opportunity to be heard, and deny access to materials and right to be accompanied by person of choice); Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995) (denying claim that new parole review procedures allowing set-offs of more than one year violated due process).

In support of his Ex Post Facto claim, Palmer cites Lynce v. Mathis, 519 U.S. 433, 441 (1997). Lynce was a 28 U.S.C. § 2254 case. If the parole procedures applied to Palmer have lengthened his sentence, then the district court properly construed his pleading as a 28 U.S.C. § 2254 application. Palmer refers

several times to what combination of good time and flat time lead to eligibility for parole and/or completion of the sentence. Under Texas law, "[g]ood conduct time applies only to eligibility for parole or mandatory supervision . . . and does not otherwise affect an inmate's term." TEX. GOVT. CODE ANN. § 498.003(a) (Vernon's 1998). A Texas prisoner's sentence is not reduced by good-time credit. See Ex parte Hallmark, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994). Thus, to the extent that his claim concerning the application of parole laws in an ex post facto manner affects only his parole eligibility, then he has not stated a constitutional claim because his punishment has not been increased.

Palmer's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2.

Palmer is hereby informed that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) ("[D]ismissals as frivolous in the district courts or the court of appeals count [as strikes] for the purposes of [§ 1915(g)]."). We caution Palmer that once he accumulates three strikes, he may not proceed in forma pauperis (IFP) in any civil action or appeal filed while he is incarcerated or detained in

any facility unless he is under imminent danger of serious physical injury.  <u>See</u> 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.