United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50191
Conference Calendar

_____

CHARLES ROBERT GRAY, JR.,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-03-CV-875
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Charles Robert Gray, Jr. ("Gray"), Texas prisoner # 796322,
appeals the district court's dismissal of his 28 U.S.C. § 2254
petition as time-barred. A certificate of appealability was
previously granted. Gray argues that his petition, which he
filed to challenge the loss of good-time credits due to a prison
disciplinary proceeding, was timely filed. The respondent argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Gray's appeal is moot due to his release on parole on October 14, 2004.

The respondent's arguments are meritorious. Gray has not shown an injury-in-fact, and his habeas claims are moot due to his release on parole. <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998); see <u>Ex parte Hallmark</u>, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994) (good-time credits apply only to an inmate's eligibility for parole or mandatory supervision and do not affect the length of the inmate's sentence). Further, the revocation of Gray's parole would not result in the restoration of his good-time credits. See <u>Hallmark v. Johnson</u>, 118 F.3d 1073, 1075-76 (5th Cir. 1997); TEX. CODE ANN. § 498.004(b) (2005). Accordingly, Gray's appeal is DISMISSED AS MOOT.