# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00326-CR

**Elderidge Vanderhorst Hills, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 426TH JUDICIAL DISTRICT
### NO. 63,950, HONORABLE FANCY H. JEZEK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Elderidge Vanderhorst Hills has filed a pro se notice of appeal from a decision of the Texas Board of Pardons and Paroles (the Board) to deny Hills parole. For reasons we explain below, we will dismiss the appeal for want of jurisdiction.

In 2009, Hills was convicted of the felony offense of assault on a public servant and sentenced to eight years' imprisonment. This Court affirmed his conviction on appeal.[1] On September 24, 2010, the Board provided written notice to Hills that it had decided to grant him parole once he became eligible. However, the Board added, "This decision may be changed by the Board if additional information is received."

---

[1] *See Hills v. State*, No. 03-09-00166-CR, 2010 Tex. App. LEXIS 4407 (Tex. App.—Austin June 11, 2010, pet. dism'd, untimely filed) (mem. op., not designated for publication).

On September 29, 2010, Hills was indicted for two subsequent offenses that had allegedly occurred while he was incarcerated. In each indictment, the State alleged that Hills had committed the offense of harassment by a person in a correctional or detention center. Ultimately, in each cause, Hills was convicted of that offense.[2]

On April 14, 2011, the Board provided written notice to Hills that after reviewing his case, it had decided not to grant him parole and had reclassified his status as "serve all." The reason for the decision, according to the notice, was "new information / additional charges." This appeal followed.

"Many release and prison classification decisions are not subject to judicial review." *Ex parte Geiken*, 28 S.W.3d 553, 556 (Tex. Crim. App. 2000). "The decision to release or not release an inmate, even though he is eligible for parole, remains within the sound discretion of the Board of Pardons and Paroles." *Id*. (citing *Ex parte Rutledge*, 741 S.W.2d 460 (Tex. Crim. App. 1987), *overruled on other grounds*, *Ex parte Hallmark*, 883 S.W.2d 672, 674 (Tex. Crim. App. 1994)). "Similarly, while the process of assigning inmate classification is subject to some minimal due process restrictions, the classification decision itself is not subject to judicial review." *Id*.

To the extent a parole decision may implicate the due process rights of a convicted felon, his remedy is through a post-conviction application for writ of habeas corpus filed under article 11.07 of the code of criminal procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07

---

[2] Hills has appealed these convictions, and the appeals are currently pending in appellate cause numbers 03-11-00473-CR and 03-11-00474-CR.

(West Supp. 2010); *Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Intermediate courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. *See Ex parte Alexander*, 685 S.W.2d 57, 60 (Tex. Crim. App. 1985); *Ex parte Martinez*, 175 S.W.3d 510, 512-13 (Tex. App.—Texarkana 2005, orig. proceeding); *see also* Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (post-conviction applications for writs of habeas corpus, for felony cases in which death penalty was not assessed, must be filed in court of original conviction and made returnable to court of criminal appeals). The court of criminal appeals has exclusive jurisdiction to review the merits of a post-conviction application for habeas relief under article 11.07. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5; *Keene*, 910 S.W.2d at 484.

Accordingly, we dismiss the appeal for want of jurisdiction.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Dismissed for Want of Jurisdiction

Filed:   November 4, 2011

Do Not Publish