Joseph Earl WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–98–00145–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Feb. 2, 1999.

Decided Feb. 3, 1999.

Stanley R. Mays, Bailey, Mays & Greenridge, Dallas, for appellant.

Michael J. Sandlin, Assistant District Attorney, Sue Korioth, Assistant District Attorney, Dallas, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

GRANT, Justice.

Joseph White appeals from his conviction for the offense of failure to register as a sex offender. The offense is a state jail felony. TEX.CODE CRIM. PROC. ANN. art. 62.10(b) (Vernon Supp.1999). White pleaded true to allegations of two prior felony convictions; thus, under TEX. PEN.CODE ANN. § 12.42(a)(2) (Vernon Supp.1999), he was subject to the punishment for second degree felony, or two to twenty years. The trial court assessed punishment at fifteen years' imprisonment. White contends that the trial court erred in rendering judgment against him because the indictment alleged that he had violated a duty to register with the Dallas Police Department. The statute requires registration with the local law enforcement authority.

The indictment alleges that White failed "to register as required by law with *local law enforcement agency,* to-wit: the DALLAS POLICE DEPARTMENT ... " (Emphasis added.)

█ White next contends that his punishment under the sex registration statute violates the *ex post facto* clause of the Texas Constitution. His claim of error is based upon the fact that when he was originally convicted of a sex-related offense, the sex offender registration law was not in effect. Both the United States and the Texas Constitutions contain an absolute prohibition against *ex post facto* laws. U.S. CONST. art I, § 10; TEX. CONST. art. I, § 16; *Ieppert v. State,* 908 S.W.2d 217 (Tex.Crim.App.1995).

Under Texas or United States constitutional analysis, an *ex post facto* law: 1) punishes as a crime an act previously committed which was innocent when done; 2) changes the punishment and inflicts a greater punishment than the law attached to the criminal offense when committed; or 3) deprives a person charged with a crime of any defense available at the time the act was committed. *Ex parte Davis,* 947 S.W.2d 216, 219–20 (Tex. Crim.App.1996); *Johnson v. State,* 930 S.W.2d 589, 591 (Tex.Crim.App.1996); *Lopez v. State,* 928 S.W.2d 528, 534 (Tex.Crim.App. 1996); *Ex parte Hallmark,* 883 S.W.2d 672, 674 (Tex.Crim.App.1994).

█ In this case, White contends that the law is unconstitutionally applied to him because it adds an additional punitive measure—the requirement to register—to an act previously committed. He was convicted of a sex offense on August 10, 1989, and was released on parole in 1994. Before a person subject to registration is released, the State is charged with the duty of informing the inmate of the registration requirements. TEX.CODE CRIM. PROC. ANN. art. 62.02(a) (Vernon Supp.1999). Thus, White should have been informed of the registration requirements upon his release in 1994. Both sides agree, however, that he was not so informed at the time of his release, and this prosecution is based upon the act of his probation officer, who informed him of the registration requirements on October 15, 1997, and directed him to register within seven days. He did not do so.

There is authority suggesting that the registration requirement is a form of punishment. *See Speth v. State,* 965 S.W.2d 13, 15 (Tex.App.—Houston [14th Dist.] 1998, pet. granted). However, this Court has held to the contrary. In the case of *In re B.G.M.,* 929 S.W.2d 604, 606 (Tex.App.—Texarkana 1996, no pet.), the defendant complained that

his plea bargain was involuntary because the trial court did not admonish him about the registration requirement as punishment. We overruled his contention and held that a duty to register imposed pursuant to a criminal registration statute is a collateral consequence of a guilty plea because it is remedial rather than punitive in nature, and a trial court therefore does not have a duty to inform the accused of the duty to register prior to acceptance of the plea. It follows from our analysis in that case that the registration requirement is not punishment and that *ex post facto* analysis does not apply to its application. This contention of error is overruled.

■ White next contends that he should have been sentenced under the version of the Act that preceded the current version because, if at the time of his release from custody the State had properly informed him of his duty to report, he would have been in violation when he was paroled in 1994. Therefore, he argues the prosecution should have been for his failure to report within seven days after his parole in 1994 and not brought for the first time in 1997.

The impact of this argument would lie in the level of punishment assessed. In its original incarnation at TEX.REV.CIV. STAT. ANN. art. 6252–13c.1, § 7,[1] a violation of the reporting act was a Class A misdemeanor instead of its current state jail felony punishment.

Regardless of the earliest date for which he could have been prosecuted for this crime, he was not accused of failing to comply with the statute until 1997, seven days after he was finally officially informed of the registration requirement. Further, the act of moving from one home to another was sufficient to trigger the application of the statute, because by its terms it requires a person who changes addresses to report the information change to appropriate authorities. TEX.CODE CRIM. PROC. ANN. art. 62.10 (Vernon Supp. 1999). White testified he had been in his new apartment for two weeks.

The statute does require the State to inform a person subject to registration about the requirements before releasing him from prison. TEX.CODE CRIM. PROC. ANN. art. 62.03(a) (Vernon Supp.1999). Although the penal institution failed in its duty, the evidence shows that the parole officer did so inform White when he discovered the omission. Accordingly, we conclude that no error is shown by prosecuting him based upon his failure to register within seven days following the date on which he was informed of the registration requirements by an officer of the State. This contention of error is overruled.

White next contends that the evidence was factually and legally insufficient to show that he knowingly or intentionally failed to register as a sex offender.

In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim. App.1991), and look to see whether, after viewing all of the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim.App.1996); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App.1996).

In the present case, White pleaded no contest to the offense. The legal effect of a plea of nolo contendere is the same as a plea of guilty insofar as a criminal prosecution is concerned. TEX.CODE CRIM. PROC. ANN. art. 27.02(5) (Vernon 1989).

■ A plea of guilty or nolo contendere alone is not sufficient to support a conviction. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon Supp.1999) requires the State to introduce sufficient evidence to support the judgment. In this case, the defendant testified that he was informed on October 15, 1997, that he was required to register as a sex offender with the Dallas Police Department and that he had to do so within seven days. He admitted that, despite having this knowledge,

---

1. Act of May 26, 1991, 72nd Leg., R.S., 572, § 1,   1991 Tex. Gen. Laws 2029, 2030.

he did not do so. The evidence is both legally and factually sufficient to support the verdict.

The judgment is affirmed.