

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-391-CR

BURTON CHILDERS                                              APPELLANT

V.

THE STATE OF TEXAS                                              STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. INTRODUCTION

A jury found Appellant Burton Childers guilty of failure to comply with sex

offender registration requirements and assessed punishment at twenty years'

---

[1] *See* Tex. R. App. P. 47.4.

incarceration.[2] In two points, Childers argues that the evidence is legally and factually insufficient to sustain the guilty verdict. We will affirm.

## II. BACKGROUND

In 1998, Childers was convicted of three counts of indecency with his six-year-old daughter and sentenced to prison. Childers was released on December 19, 2001. Upon release, Childers signed a prerelease notification form verifying that he had been informed that he was subject to a lifetime recurring ninety-day verification requirement under Texas' sex offender registration program. Department of Public Safety records that were introduced at trial show that Childers reported to the Sanger Police Department roughly every ninety days from his release until late January, 2004. On February 6, 2004, less than two weeks after his last verification in Sanger, Texas, the record reflects that Childers began reporting to the Denton Police Department that he lived in Denton, Texas. The DPS records reflect that Childers no longer reported consistently every ninety days. Instead, the DPS records reveal that Childers sometimes reported for verification within weeks of his previous verification and sometimes he reported at intervals greater than ninety days.[3]

---

[2] *See* Tex. Code Crim. Proc. Ann. art. 62.102(a)(3) (Vernon 2006).

[3] Childers explains in his brief that two of the intervals that are greater than ninety days were the result of him being incarcerated on unrelated

2

Denton Police Department Investigator Scott Miller testified that he was placed in charge of sex offender registration in January, 2006. Miller said that the first time he personally registered Childers was January 24, 2006. Miller stated that less than a month later, on February 21, 2006,[4] Childers updated his registration information—reporting an address change. Miller testified that when a registrant reports an address change, the ninety-day reporting period is reset and registrants are required to verify their information again ninety days from the time they make any address change. Childers updated his address again on April 5, 2006. Miller said that on this date, per the department's policy, Childers was given a blue card bearing the April 5, 2006 date and was informed that his next verification would be ninety days from that date. Miller testified that Childers failed to verify within the required time and a warrant was issued for Childers's arrest. Childers was arrested on July 19, 2006. Miller testified that he had no doubt that Childers knew when he was required to report. Denton police officer David Bearden also testified that a registrant

---

charges. The date in the indictment indicates the offense underlying this appeal concerns a failure to verify "on or about the 17th of July, 2006." Childers does not argue here, nor did he at trial, that he was incarcerated during July 2006.

[4] The DPS record actually shows that Childers verified his information on February 20, 2006.

who had registered multiple times in Denton should be familiar with Denton's registration process.

Childers testified that he was familiar with the registration and verification process. Childers stated that he knew he was required to verify his registration within seven days of July 4, 2006. He also said that he had attempted to verify his registration around July 4, 2006, on "two or three" occasions. But Childers also testified that he generally attempted to verify his information before the 19th of every third month because that was "based on when I got out of jail, o[f] prison, I got out [on] the 19th." The jury found Childers guilty. This appeal followed.

### III. VIOLATION OF SEX OFFENDER REGISTRATION STATUTE

In two points, Childers argues that the evidence was legally and factually insufficient to prove that he intentionally, knowingly, or recklessly failed to comply with his ninety-day registration requirement.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Under this standard, the jury's inference of intent is afforded more deference than the evidence supporting proof of conduct. *Margraves v. State*, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000). Circumstantial evidence of a defendant's guilty knowledge is not "required to meet the same rigorous criteria for sufficiency as circumstantial proof of other offensive elements." *Id*. (quoting *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the legal sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is

5

manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the fact-finder's. *Johnson*, 23 S.W.3d at 12; *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, we must give due deference to the fact-finder's determinations,

"particularly those determinations concerning the weight and credibility of the evidence." *Id*. at 9.

An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal. *Sims v. State*, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003). Moreover, an opinion reversing and remanding on factual insufficiency grounds must detail all the evidence and clearly state why the finding in question is factually insufficient and under which ground. *Goodman v. State*, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001); *Johnson*, 23 S.W.3d at 7.

In Texas, persons with multiple reportable convictions for sexually violent offenses are required to register as sex offenders. *See* Tex. Code Crim. Proc. Ann. arts. 62.001(5)–(6) (Vernon Supp. 2008), 62.058(a), 62.102(a) (Vernon 2006). Texas Code of Criminal Procedure Chapter 62 creates the offense of failure to comply with registration requirements in the following terms: "A person commits an offense if the person is required to register and fails to comply with any requirement of this chapter." Tex. Code Crim. Proc. Ann. art. 62.102(a). Chapter 62 generally describes persons subject to registration under the chapter as follows: "A person who has a reportable conviction . . . shall register, or if the person is a person for whom registration is completed under this chapter, verify registration . . . with the local law enforcement authority"

7

in the municipality or county "where the person resides or intends to reside for more than seven days." *Id*. art. 62.051(a) (Vernon 2006); *see id*. art. 62.001(5) (Vernon Supp. 2008). Chapter 62 specifically requires that:

> A person subject to registration under this chapter who has for a sexually violent offense been convicted two or more times . . . shall report to the local law enforcement authority . . . not less than once in each 90-day period following the date the person first registered under this chapter to verify the information in the registration form maintained by the authority for that person. *Id*. art. 62.058(a).

For purposes of Code of Criminal Procedure Article 62.058, "a person complies with a requirement that the person register within a 90-day period following a date if the person registers at any time on or after the 83rd day following that date but before the 98th day after that date." *Id*.

Although the sex offender registration statute does not expressly require proof of a mental state for prosecution of a failure to properly maintain registration, the indictment in this case alleged that Childers "intentionally, knowingly, or recklessly" failed to register. Texas courts which have reviewed other convictions under Chapter 62 for sufficiency have treated the *mens rea* requirement in the indictments or charges as going to the actual knowledge of the defendant's duty to register. *See, e.g.*, *Rodriguez v. State*, 45 S.W.3d 685, 688 (Tex. App.—Fort Worth 2001) *aff'd*, 93 S.W.3d 60 (Tex. Crim. App. 2002); *White v. State*, 988 S.W.2d 277, 279–80 (Tex. App.—Texarkana

8

1999, no pet.); *see also Moore v. State*, 38 S.W.3d 232, 235 (Tex. App.—Texarkana 2001, pet. ref'd) (example of failure-to-register indictment without *mens rea* requirement).

The evidence at trial showed that Childers verified his registration information on April 5, 2006, and that, given the ninety-day requirement plus the seven-day grace period, he needed to report again before July 11, 2006.[5] By July 17—the date alleged in the indictment—Childers, admittedly, had not verified his registration. Childers claims, however, that he did not know of the July 11, 2006 verification requirement because he claims that his appearance on April 5, 2006, was for an address change and not a ninety-day verification. He also claims that the blue card given to him by Miller on April 5 failed to inform him that his verification requirement had been reset by the change in address. Further, Childers argues that he expected (and he testified as such) that his next required registration would fall on the 19th of the month—a date

---

[5] Miller testified that ninety days from the April 5 address change would have been July 5, 2006. Bearden said that ninety days from April 5, 2006, would have been July 4, 2006. This court has counted the days and finds that ninety days from the April 5 address change would be July 4. Given the seven-day grace period, Childers would have been required to verify his registration no later than July 11, 2006. It is important to note that the warrant was not issued until July 17, 2006. Thus, even if Miller's misstatement of July 5, 2006, was correct, Childers still would have been required to verify his registration no later than July 12, 2006.

9

consistent with a three month interval based on his release from prison on December 19, 2001. Thus, Childers argues, the State did not prove that he "intentionally, knowingly, or recklessly" violated the law. We disagree.

Childers's claim that the evidence is insufficient to prove that he "intentionally, knowingly, or recklessly" failed to register is belied by his own testimony that he had registered properly over the past six years and that he made attempts to register prior to July 11, multiple times "around the 4th or 5th (of July)." He also testified that he had always kept up with his registration, and that the only time he had failed to do so during the previous six years was, "just this one time (referring to his failure to verify his registration on July 11, 2006.)." Additionally, Miller testified that he informed Childers his ninety-day period had been reset with the address change and Bearden testified that—given the number of times Childers had verified registration in Denton—Childers was familiar with the verification procedures.

After reviewing the evidence in the light most favorable to the verdict, we hold that the jury could have rationally found beyond a reasonable doubt that Childers intentionally, knowingly, or recklessly failed to register under Chapter 62. *See Clayton*, 235 S.W.3d at 778. Furthermore, we hold that the evidence contrary to Childers's conviction is not so greatly outweighed by the evidence supporting the conviction that the jury's determination was manifestly unjust.

10

*See Watson*, 204 S.W.3d at 414–15, 417.  We overrule both of Childers's points.

### IV. CONCLUSION

Having overruled both of Childers points, we affirm the trial court's judgment.

                                        DIXON W. HOLMAN
                                        JUSTICE

PANEL:  LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  October 9, 2008

11