COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-391-CR

 

 

BURTON CHILDERS                                                              APPELLANT

 

                                                      V.

 

THE STATE OF TEXAS                                                                 STATE

 

                                                  ------------

 

              FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

I.  Introduction








A jury found Appellant Burton
Childers guilty of failure to comply with sex offender registration requirements
and assessed punishment at twenty years= incarceration.[2]  In two points, Childers argues that the
evidence is legally and factually insufficient to sustain the guilty
verdict.  We will affirm.

II.  Background

In 1998, Childers was
convicted of three counts of indecency with his 
six-year-old daughter and sentenced to prison.  Childers was released on December 19, 2001.  Upon release, Childers signed a prerelease
notification form verifying that he had been informed that he was subject to a
lifetime recurring ninety-day verification requirement under Texas= sex offender registration program. 
Department of Public Safety records that were introduced at trial show
that Childers reported to the Sanger Police Department roughly every ninety
days from his release until late January, 2004. 
On February 6, 2004, less than two weeks after his last verification in
Sanger, Texas, the record reflects that Childers began reporting to the Denton
Police Department that he lived in Denton, Texas.  The DPS records reflect that Childers no
longer reported consistently every ninety days. 
Instead, the DPS records reveal that Childers sometimes reported for
verification within weeks of his previous verification and sometimes he
reported at intervals greater than ninety days.[3]














Denton Police Department
Investigator Scott Miller testified that he was placed in charge of sex
offender registration in January, 2006. 
Miller said that the first time he personally registered Childers was
January 24, 2006.  Miller stated that
less than a month later, on February 21, 2006,[4]
Childers updated his registration informationCreporting an address change. 
Miller testified that when a registrant reports an address change, the
ninety-day reporting period is reset and registrants are required to verify
their information again ninety days from the time they make any address change.  Childers updated his address again on April
5, 2006.  Miller said that on this date,
per the department=s policy,
Childers was given a blue card bearing the April 5, 2006 date and was informed
that his next verification would be ninety days from that date.  Miller testified that Childers failed to
verify within the required time and a warrant was issued for Childers=s arrest.  Childers was arrested
on July 19, 2006.  Miller testified that
he had no doubt that Childers knew when he was required to report.  Denton police officer David Bearden also
testified that a registrant who had registered multiple times in Denton should
be familiar with Denton=s
registration process.

Childers testified that he
was familiar with the registration and verification process.  Childers stated that he knew he was required
to verify his registration within seven days of July 4, 2006.  He also said that he had attempted to verify
his registration around July 4, 2006, on Atwo or three@
occasions.  But Childers also testified
that he generally attempted to verify his information before the 19th of every
third month because that was Abased on when I got out of jail, o[f] prison, I got out [on] the 19th.@  The jury found Childers
guilty.  This appeal followed.

III.  Violation of Sex Offender Registration
Statute

In two points, Childers
argues that the evidence was legally and factually insufficient to prove that
he intentionally, knowingly, or recklessly failed to comply with his ninety-day
registration requirement.

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).








Under this standard, the jury=s inference of intent is afforded more deference than the evidence
supporting proof of conduct.  Margraves
v. State, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Circumstantial evidence of a defendant=s guilty knowledge is not Arequired to meet the same rigorous criteria for sufficiency as
circumstantial proof of other offensive elements.@  Id. (quoting Brown
v. State, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995)). In determining the
legal sufficiency of the evidence to show an appellant=s intent, and faced with a record that supports conflicting
inferences, we Amust presumeCeven if it does not affirmatively appear in the recordCthat the trier of fact resolved any such conflict in favor of the
prosecution, and must defer to that resolution.@  Matson v. State, 819
S.W.2d 839, 846 (Tex. Crim. App. 1991).








When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.








In determining whether the
evidence is factually insufficient to support a conviction that is nevertheless
supported by legally sufficient evidence, it is not enough that this court Aharbor a subjective level of reasonable doubt to overturn [the]
conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s resolution of a conflict in the evidence.  Id. 
We may not simply substitute our judgment for the fact-finder=s.  Johnson, 23 S.W.3d at
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s determination of the weight to be given contradictory testimonial
evidence because resolution of the conflict Aoften turns on an evaluation of credibility and demeanor, and those
jurors were in attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at
8.  Thus, we must give due deference to
the fact-finder=s
determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@  Id. at 9.

An opinion addressing factual
sufficiency must include a discussion of the most important and relevant
evidence that supports the appellant=s complaint on appeal.  Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).  Moreover, an opinion reversing and remanding
on factual insufficiency grounds must detail all the evidence and clearly state
why the finding in question is factually insufficient and under which
ground.  Goodman v. State, 66
S.W.3d 283, 287 (Tex. Crim. App. 2001); Johnson, 23 S.W.3d at 7.








In Texas, persons with
multiple reportable convictions for sexually violent offenses are required to
register as sex offenders.  See
Tex. Code Crim. Proc. Ann. arts. 62.001(5)B(6) (Vernon Supp. 2008), 62.058(a), 62.102(a) (Vernon 2006).  Texas Code of Criminal Procedure Chapter 62
creates the offense of failure to comply with registration requirements in the
following terms: AA person
commits an offense if the person is required to register and fails to comply
with any requirement of this chapter.@  Tex. Code Crim. Proc. Ann.
art. 62.102(a).  Chapter 62 generally
describes persons subject to registration under the chapter as follows: AA person who has a reportable conviction . . . shall
register, or if the person is a person for whom registration is completed under
this chapter, verify registration . . . with the local law
enforcement authority@ in the
municipality or county Awhere the
person resides or intends to reside for more than seven days.@  Id. art. 62.051(a)
(Vernon 2006); see id. art. 62.001(5) (Vernon Supp. 2008).  Chapter 62 specifically requires that:

A
person subject to registration under this chapter who has for a sexually
violent offense been convicted two or more times . . . shall report to the
local law enforcement authority . . . not less than once in each 90‑day
period following the date the person first registered under this chapter to
verify the information in the registration form maintained by the authority for
that person.  Id. art. 62.058(a). 

 

For purposes of Code of
Criminal Procedure Article 62.058, Aa person complies with a requirement that the person register within a
90‑day period following a date if the person registers at any time on or
after the 83rd day following that date but before the 98th day after that date.@  Id.








Although the sex offender
registration statute does not expressly require proof of a mental state for
prosecution of a failure to properly maintain registration, the indictment in
this case alleged that Childers Aintentionally, knowingly, or recklessly@ failed to register.  Texas
courts which have reviewed other convictions under Chapter 62 for sufficiency
have treated the mens rea requirement in the indictments or charges as
going to the actual knowledge of the defendant=s duty to register.  See,
e.g., Rodriguez v. State, 45 S.W.3d 685, 688 (Tex. App.CFort Worth 2001) aff'd, 93 S.W.3d 60 (Tex. Crim. App. 2002); White
v. State, 988 S.W.2d 277, 279B80 (Tex. App.CTexarkana
1999, no pet.); see also Moore v. State, 38 S.W.3d 232, 235 (Tex.
App.CTexarkana 2001, pet. ref=d) (example of failure‑to‑register indictment without mens
rea requirement).








The evidence at trial showed
that Childers verified his registration information on April 5, 2006, and that,
given the ninety-day requirement plus the seven-day grace period, he needed to
report again before July 11, 2006.[5]  By July 17Cthe date alleged in the indictmentCChilders, admittedly, had not verified his registration.  Childers claims, however, that he did not
know of the July 11, 2006 verification requirement because he claims that his
appearance on April 5, 2006, was for an address change and not a ninety-day
verification.  He also claims that the
blue card given to him by Miller on April 5 failed to inform him that his verification
requirement had been reset by the change in address.  Further, Childers argues that he expected
(and he testified as such) that his next required registration would fall on
the 19th of the monthCa date consistent
with a three month interval based on his release from prison on December 19,
2001.  Thus, Childers argues, the State
did not prove that he Aintentionally,
knowingly, or recklessly@ violated
the law.  We disagree.

Childers=s claim that the evidence is insufficient to prove that he Aintentionally, knowingly, or recklessly@ failed to register is belied by his own testimony that he had
registered properly over the past six years and that he made attempts to
register prior to July 11, multiple times Aaround the 4th or 5th (of July).@  He also testified that he had
always kept up with his registration, and that the only time he had failed to
do so during the previous six years was, Ajust this one time (referring to his failure to verify his
registration on July 11, 2006.).@  Additionally, Miller testified
that he informed Childers his ninety-day period had been reset with the address
change and Bearden testified thatCgiven the number of times Childers had verified registration in DentonCChilders was familiar with the verification procedures. 








After reviewing the evidence
in the light most favorable to the verdict, we hold that the jury could have
rationally found beyond a reasonable doubt that Childers intentionally,
knowingly, or recklessly failed to register under Chapter 62.  See Clayton, 235 S.W.3d at 778.  Furthermore, we hold that the evidence
contrary to Childers=s conviction
is not so greatly outweighed by the evidence supporting the conviction that the
jury=s determination was manifestly unjust. 
See Watson, 204 S.W.3d at 414B15, 417.  We overrule both of
Childers=s points.

IV.  Conclusion

Having overruled both of
Childers points, we affirm the trial court=s judgment.

 

 

DIXON W. HOLMAN

JUSTICE

PANEL: 
LIVINGSTON, DAUPHINOT, and HOLMAN, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: 
October 9, 2008











[1]See Tex.
R. App. P. 47.4.





[2]See Tex.
Code Crim. Proc. Ann. art. 62.102(a)(3) (Vernon 2006).





[3]
Childers explains in his brief that two of the intervals that are greater than
ninety days were the result of him being incarcerated on unrelated
charges.  The date in the indictment
indicates the offense underlying this appeal concerns a failure to verify Aon or
about the 17th of July, 2006.@  Childers does not argue here, nor did he at
trial, that he was incarcerated during July 2006.  





[4]The
DPS record actually shows that Childers verified his information on February
20, 2006.





[5]Miller
testified that ninety days from the April 5 address change would have been July
5, 2006.  Bearden said that ninety days
from April 5, 2006, would have been July 4, 2006.  This court has counted the days and finds
that ninety days from the April 5 address change would be July 4.  Given the seven-day grace period, Childers
would have been required to verify his registration no later than July 11,
2006.  It is important to note that the
warrant was not issued until July 17, 2006. 
Thus, even if Miller=s misstatement of July 5,
2006, was correct, Childers still would have been required to verify his
registration no later than July 12, 2006.