NO. 07-08-0326-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 31, 2009
_____

RONALD EDWARD JACKSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 320TH DISTRICT COURT OF POTTER COUNTY;

NO. 57,500-D; HONORABLE DON EMERSON, JUDGE
_____

Before CAMPBELL and HANCOCK, JJ., and BOYD, S.J.[1]

_____MEMORANDUM OPINION

Appellant, Ronald Edward Jackson, appeals his conviction and sentence for failure to register as a sex offender.  We affirm.

Background

On July 10, 1989, appellant was convicted of the offense of sexual assault and sentenced to eleven years confinement in the Texas Department of Corrections.  At the

_____
    [1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

time of his conviction, appellant was under no reporting obligation due to his sex offender status. However, in 1999, the Texas Legislature passed reporting requirements affecting appellant and, upon his release in 2000, appellant was notified of his duty to register. Additionally, appellant notified the Amarillo Police Department as required in 2001.

In November 2001, the State indicted appellant for failure to notify the Amarillo Police Department of a change of address as required by statute. As part of an open plea of guilty to the charge, appellant signed written admonishments in accordance with article 26.13 of the Texas Code of Criminal Procedure. Appellant pled guilty on January 9, 2002, and was sentenced to three years incarceration in the Institutional Division of the Texas Department of Criminal Justice.

In January 2008, appellant was charged with failure to register with local law enforcement as required. Appellant was informed that, because this was a second offense of the criminal registration statute, the punishment range would be as a second degree felony. On July 7, 2008, appellant pled guilty but requested the opportunity to appeal certain issues with the permission of the trial court. Appellant timely filed his notice of appeal.

Appellant appeals the sex offender registration requirements as applied. Specifically, appellant contends that he has been denied the due process and equal protection of law because 1) his punishment on the second offense for failure to register as a sex offender is premised on a reporting requirement not in existence at the time of the underlying sexual assault and 2) appellant was not admonished, at the time of the plea on

2

his first offense for failure to register, that subsequent offenses for failure to register would result in the punishment range being increased to the next highest degree of felony.

Law and Analysis

Appellant is aware that the Texas courts have addressed the application of registration requirement for persons convicted of sexual assaults committed prior to the institution of the requirements as a potential *ex post facto* violation. See White v. State, 988 S.W.2d 277 (Tex.App.–Texarkana 1999, no pet.). In that case, the court held that application of a criminal registration statute is a collateral consequence of a guilty plea because the application is remedial rather than punitive in nature. See id. at 279. However, appellant contends that, as a second offense for failure to register with a greater punishment range than a first offense, that the application of the failure to register statute is no longer remedial but becomes punitive. Appellant's contention is that his punishment for a "remedial crime" which did not exist at the time of the original conviction has substantially increased.[2] However, the increase of punishment is not premised on appellant's original conviction of sexual assault. The increase of punishment is premised on the subsequent commission of the offense of failure to comply with the registration requirements. See TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (Vernon 2009). The potential increase of punishment for subsequent offenses of the criminal registration

_____

[2]Although appellant contends that "his punishment for a 'remedial crime' which did not exist at the time of the original plea–and to which he was given no opportunity to take into consideration–has substantially increased," appellant did not plead to the original conviction of sexual assault but was, instead, convicted by a jury. Nonetheless, we consider appellant's contention as a contention of the application of registration requirements as an *ex post facto* violation.

3

statute was in effect at the time of appellant's plea on January 9, 2002. Acts of 1999, 76th Leg., Ch. 1415, § 18, 1999 Tex. Gen. Laws 4831, 4840 (current version TEX. CODE CRIM. PROC. ANN. art. 62.102(c) (Vernon 2009)). Therefore, we overrule appellant's first issue.

Next, appellant contends that he was not admonished on the potential enhancement for repeated failure of non-reporting. Although the written admonishments required by article 26.13 of the Texas Code of Criminal Procedure admonishes defendants on the registration requirements of Chapter 62 of the Texas Code of Criminal Procedure, there is no specific mention of the enhancement possibilities. See TEX. CODE CRIM. PROC. ANN. art. 26.13(a)(5) (Vernon 2009). We conclude that the trial court was under no obligation to inform appellant in 2002 of the enhancement possibility for repeated failures of non-reporting. See Brown v. State, 505 S.W.2d 277, 278 (Tex.Crim.App. 1974). We further note that, since the enhancement possibility for repeated offenses for non-reporting was in existence in the statute at the time that appellant pled guilty to the first offense of failure to comply with the registration requirements, appellant cannot plea ignorance of the law as justification for its violation. See Jones v. State, 32 Tex.Crim. 533, 25 S.W.124, 124 (Tex.Crim.App. 1894). We overrule appellant's second issue.

Conclusion

For the foregoing reasons, we affirm.

Mackey K. Hancock
Justice

Do not publish.

4