**AFFIRMED; Opinion Filed February 3, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01502-CR

### LEO DEMORY ROBINSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 282nd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-30390-S

## OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Appellant Leo Demory Robinson, a convicted sex offender, appeals his conviction for failure to timely report an intended change of address. In his first point of error, appellant argues the evidence is legally insufficient to support his conviction because the State failed to prove a culpable mental state. In his second point of error, appellant argues the trial court erred in denying his motion for new trial on the ground of legal insufficiency of the evidence. Concluding appellant's arguments are without merit, we affirm the trial court's judgment.

## FACTUAL BACKGROUND

Appellant was previously convicted of burglary of a habitation with intent to commit sexual assault. This conviction made appellant subject to the Texas Sex Offender Registration Program, the requirements of which are set out in chapter 62 of the Texas Code of Criminal

Procedure. Article 62.055 required appellant, among other things, to register his intent to change his address "not later than the seventh day before the intended change" by reporting in person to the local law enforcement authority designated as his primary registration authority and providing them with his anticipated move date. TEX. CODE CRIM. PROC. ANN. art. 62.055(a) (West Supp. 2012).

In early 2010, appellant was living with his aunt in Glen Heights, Texas. Appellant listed the Glen Heights address as his residence on his sex offender registration. Appellant also owned a home in Dallas that he was renovating and planned to use as his residence when completed.

On February 27, 2010, Detective Lucas Benson was dispatched to appellant's aunt's house to investigate a civil disturbance. While there, Benson decided to conduct a compliance check to ensure that appellant still resided at the address. Benson spoke with two people in the home, one of whom stated she lived there. Both individuals told Benson that appellant had moved out. Benson then asked to see the bedroom in which appellant had been staying. In the room, Benson found a bed with no sheets as well as empty drawers and an empty closet.

Appellant's aunt, Arnetha Barnes, testified that appellant lived with her in Glen Heights until some point in May 2010. She could not remember the exact date appellant moved out. Barnes disputed Benson's testimony about the condition of appellant's bedroom in February. According to Barnes, she always kept sheets on the bed and some of appellant's clothes remained in the closet even after he moved out.

Tommy Phillips served as appellant's parole officer. On April 23, Phillips sent the Glen Heights police department, appellant's primary registration authority, a notice of status change for appellant indicating that appellant's address had changed to his Dallas residence on March 19. Phillips testified at trial, however, that the information on the notice was erroneous and that he merely intended to inform the department that appellant wanted to move. According to

Phillips, appellant told him he was having problems notifying the Glen Heights department of his intent to move because when he attempted to report in person, he was told no one was available to help him and he needed to come back later. Phillips went to appellant's Glenn Heights residence on May 1 to check on him and was told that appellant was "at his new place."

Appellant testified that he was fully aware of his obligation to report an intended change of residence no later than seven days before the move occurred. Appellant indicated he tried to notify the Glenn Heights police department on multiple occasions, but that he was told to come back the next day. Appellant also stated that he spoke with Detective Kevin Howard who told him repeatedly to come back later. At trial, Howard testified he had no recollection of appellant coming in and attempting to notify the department of his intent to move.

Based on the information provided by Benson from his compliance check and the notification from appellant's parole officer that stated appellant had moved, Howard obtained a warrant for appellant's arrest. When appellant went to the Glenn Heights Police Department on May 14, 2010 to speak with Howard, he was arrested for failing to report his intended move. Appellant testified he could not recall what date he moved to Dallas but he thought he had "the okay" to do so. Appellant was released on bond and, on May 17, he registered as a sex offender with the Dallas Police Department listing the Dallas address as his residence.

Appellant was tried before the court without a jury. After hearing the evidence, the trial court found appellant guilty. Punishment was assessed at two years' incarceration probated for five years. This appeal followed.

ANALYSIS

In his first point of error, appellant contends the evidence is legally insufficient to support his conviction because the State failed to prove he possessed the required culpable mental state. Appellant was indicted for "intentionally, knowingly, and recklessly" failing to report in person

–3–

to the Glenn Heights Police Department to inform them of his intent to change his address. Appellant argues that, because there was evidence that he attempted to give the required notice, the evidence is legally insufficient to show that his failure to give the required notice was intentional, knowing, or reckless. We disagree.

When reviewing the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). To the extent a culpable mental state may be required for a conviction under Chapter 62,[1] Texas courts that have reviewed convictions under the chapter for sufficiency have treated the mens rea requirement in the indictments or charges as going to the defendant's actual knowledge of the statutory obligations. *See Harris v. State,* 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Varnes v. State,* 63 S.W.3d 824, 832 (Tex. App.—Houston [14th Dist.] 2001, no pet.); *White v. State,* 988 S.W.2d 277, 279–80 (Tex. App.—Texarkana 1999, no pet.). In this case, appellant admitted that he was fully aware of his duty to notify the Glenn Heights Police Department in person of his intention to move more than seven days before actually moving. Accordingly, the evidence is sufficient to support a finding that appellant possessed the mens rea set forth in the indictment. *See White*, 988 S.W.2d at 279–80.

Even if the mens rea requirement applied to the act of notification itself, rather than knowledge of the obligation, the State presented more than a scintilla of evidence that appellant intentionally, knowingly, or recklessly failed to inform the Glenn Heights Police Department of

[1] In *Rodriguez v. State*, the Texas Court of Criminal Appeals indicated that the registration and notification provisions of Chapter 62 do not require a culpable mental state. *See Rodriguez v. State*, 93 S.W.3d 60, 73 (Tex. Crim. App. 2002).

his intent to move within the prescribed time period. Appellant testified that he began attempting to notify the department of his intent to move in March 2010 and that he spoke with Detective Howard. Howard testified, however, that he had no recollection of appellant coming in. As fact finder, the trial court was free to believe Howard's testimony and disbelieve appellant's. *See Karnes v. State*, 873 S.W.2d 92, 95 (Tex. App.—Dallas 1994, no pet.) (fact finder is exclusive judge of the facts, the witnesses' credibility, and the weight given testimony). In addition, the State presented evidence that appellant moved out of his aunt's house as early as February 2010, before he stated he began his alleged attempt to give the proper notification. Benson testified that, during a compliance check on February 27, he was informed by two people at the residence that appellant had moved and, when he inspected appellant's room, he found it empty. This is some evidence that appellant made no attempt to comply with the notification requirements of article 62.055 before moving. Based on the foregoing, we conclude the evidence is sufficient to support appellant's conviction. We resolve appellant's first point of error against him.

In his second point of error, appellant contends the trial court abused its discretion by denying his motion for new trial. Appellant's motion for new trial was based on the same arguments presented in his first point of error. Because we have concluded these arguments are without merit, we further conclude the trial court did not abuse its discretion in denying appellant's motion for new trial. We resolve appellant's second point of error against him.

We affirm the trial court's judgment.


/David Evans/
DAVID EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
121502F.U05

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LEO DEMORY ROBINSON, Appellant

No. 05-12-01502-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 282nd Judicial District Court, Dallas County, Texas
Trial Court Cause No. F10-30390-S.
Opinion delivered by Justice Evans.
Justices O'Neill and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of February, 2014.

/David Evans/
DAVID EVANS
JUSTICE