In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-24-00224-CR

**WILLIAM ROBERT VANN JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 23DCCR0633**

## MEMORANDUM OPINION

A grand jury indicted Appellant William Robert Vann Jr. ("Appellant" or "Vann") for the offense of failure to comply with sex offender registration requirements, and the indictment also alleged prior felony convictions as

enhancements.[1] *See* Tex. Code Crim. Proc. art. 62.102. The indictment alleged that Appellant

> on or about [] the 20th day of April, 2023, and anterior to the presentment of this indictment, in the County of Jefferson and State of Texas, being a person with a reportable conviction or adjudication for Indecency with a Child and while required to comply with the registration requirements of the Chapter 62, Sex Offender Registration Program, of the Texas Code of Criminal Procedure, and having a duty to report change of address with the local law enforcement authority, namely, the Beaumont Police Department, the law enforcement authority where the defendant had last registered, did intentionally and knowingly fail to report, in person, to the above named law enforcement authority and provide the defendant's anticipated move date and new address as required by the Texas Code of Criminal Procedure, Article 62.055, not later than the seventh day before the intended change[.]

Vann pleaded "not guilty" and waived a jury trial. After a bench trial, the trial court found Vann guilty and sentenced him to eight years' confinement. On appeal, Vann challenges the sufficiency of the evidence to support his conviction. We affirm.

Evidence at Trial

Candice Cox, a detective sergeant with the Beaumont Police Department, testified she took over the sex offender program in January of 2021. Cox explained that sex offenders in Beaumont must make an appointment to set up their registration, which is done at the Beaumont Police Department to verify the offenders are registered and for safety.

---

[1] The record includes Vann's June 9, 1986 Judgment on Plea of Guilty or Nolo Contendre for the offense of indecency of a child, committed on January 3, 1986, in the 252nd District Court of Jefferson County, Texas.

2

Cox identified State's Exhibit 2 as an annual registration form for Vann, which was dated July 6, 2021, was signed by Vann, and shows Vann's "next verification date[]" as April 19, 2022. The form includes a photocopy of Vann's photo ID. Cox agreed that she observed Vann fill the form out and provide his photo ID.

Cox identified State's Exhibit 3 as a CR-32 form, which is a state-required form titled "Notification of Registration Duties Texas Sex Offender Registration Program[.]" Cox testified that this form includes:

> all of his information on there. It will have his charges that are listed on the state database, what he's been charged with. It will have his length of duty for requirements, registration requirements, when he's supposed to re[gister], and it also lists on the front of the address that he lists as where he lives at that time.

Cox testified that she witnessed Vann sign and initial each of the requirements on the form, sign the form, and give his fingerprint on the form. State's Exhibit 4 is a video of Vann signing the form.

Cox explained that the form states that the offense for which Vann is required to report is Indecency with a Child by Contact, with an offense date of January 3, 1986, and a disposition date of June 9, 1986. According to the form, Vann's victim was a nine-year-old female. Cox testified that Vann is required to register annually on his birthdate for his lifetime. The form admitted as State's Exhibit 3 shows an address for Vann of 2495 Gulf Street in Beaumont. Cox testified that if an offender

3

who is required to register moves within the city, he has seven days to notify the registration authority of a change of address. According to Cox, if an offender who is required to register is about to move, he should make an appointment to "start getting that process rolling."

Cox testified that there was no contact with Vann between July 6, 2021, when he signed the CR-32 form, and April 19, 2022, the next date on which Vann was required to register. According to Cox, she searched within the state and national sex offender registration records to determine whether Vann had moved and registered elsewhere. She explained that she receives a weekly roster from the Beaumont Center—the location where Vann had last reported living—but Vann's name was not on that roster. Cox testified that she noticed Vann was not listed on the Beaumont Center roster on March 11, 2023, she began creating an offense report for failing to comply in April of 2023, and her report states that Vann last registered on July 6, 2021, but he had not notified the program of a change of address since that date. Cox explained that the roster from the Beaumont Center confirmed that Vann no longer lived there, and Cox also determined that Vann was not in the county jail or in state prison. Cox also testified that she checked the Texas Sex Offender Registry and a national registry and found that he had not registered somewhere else. According to Cox, between July 6, 2021, and the date of her report in about April of 2023, Vann never notified the police department of a change of address. Cox testified that she

4

did not know that Vann had been arrested for a parole violation on April 5, 2023. On cross-examination, Cox testified that if she finds out that an offender is incarcerated, she changes his status in the database herself. She also testified that it was possible Vann was on the roster for the Beaumont Center between March 11, when she first checked, and April 4, 2023, when Vann was arrested.

William Vann testified that the last time he registered with the Sex Offender Registry Program was in July of 2021, and he was living at the Beaumont Center at that time. Vann testified that he tried to find another place to live, but many of the places he identified as a possible place to move were too close to schools and he tried to get an attorney to help him, but he never actually lived at a different address than the Beaumont Center. Vann testified that he turned himself in to police in early April of 2023 because he did not have money for an attorney, and the police picked him up in Port Arthur and took him to the county jail in Beaumont as there was a warrant because he had violated his parole by leaving the Beaumont Center. Vann also complained that his parole officer stopped him from going to the law library for three months and he would not let Vann go to his doctor's appointments. Vann agreed that at some point he was transferred to the Texas Department of Corrections, where he stayed for six weeks, and two more years were added to his sentence. Vann testified that he had never resided anywhere other than the Beaumont Center at 2495 Gulf Street in Beaumont except for going to an intermediate sanction facility ("ISF")

5

in 2021 and 2022. Vann recalled that he was in ISF in 2022 for six months, including the time that he was required to report. According to Vann, when he left ISF in November of 2022, he returned to the Beaumont Center on Gulf Street until he was arrested in April of 2023.[2]

After the close of evidence and in a discussion at the bench, Vann's attorney told the trial court that when Vann was previously incarcerated in 2006 and 2020, law enforcement had notified the registry of Vann's location. The trial court responded as follows:

> [T]he obligation is for him to do the reporting of a new residence, whether it's a forced - - is voluntary or involuntary. The obligation is on him. They may drop balls, but the obligation - - they are not the person who is under a lawful duty for life to report.
> . . .
> He changed residences. Whether voluntary or involuntary, his residence changed; and he had an obligation to report that.
> . . .
> [T]he harm is being accountable at all times, which is the freedom[] that a sex offender loses in life is [that] they have to be accountable. . . . The spirit of [the statute] is to ensure that the defendants are not on their own, that they are findable at any given time.

Vann's attorney then argued that Vann did not intentionally move or fail to register, and that on previous occasions when Vann was incarcerated, the incarceration was reported, and therefore Vann did not knowingly fail to register because "he didn't know that it wasn't being put into the system, like his previous incarcerations were."

---

[2] During the punishment phase of trial, Vann told the trial court that after he left the Beaumont Center, he "was at different relatives' house."

The State told the trial court that Vann had continual struggles since being paroled, resulting in multiple parole violations and going to jail. The State argued that Vann chose to leave the Beaumont Center, he went to Port Arthur, and he called the police and asked them to pick him up. According to the State, when Vann chose to leave the Beaumont Center on or before March 11, 2023, there was a period of at least 15 days—from April 5 to April 20 of 2023—when Vann did not notify law enforcement where he was and when Sergeant Cox could not verify that Vann was at his last reported address, and "the evidence is clear that [Vann] chose to absent himself from a listed place of address and that he didn't follow the statutory requirements[]" for registration. The State further argued that the last notification Vann gave of his address was on July 6, 2021, but the State was not charging Vann for a failure to register in 2022, and Vann had testified that he went to ISF in 2022.

The trial court found that there was a period of about 25 days when Vann was not at the Beaumont Center until he was arrested, and that the State proved beyond a reasonable doubt that Vann intentionally or knowingly failed to report in person to the Beaumont Police Department of an anticipated move date or new address as required by the Code of Criminal Procedure. At a hearing on punishment, Vann pleaded "true" to the two alleged enhancements. The trial court found the alleged enhancements true and sentenced Vann to eight years' confinement. Vann timely appealed.

7

## Sufficiency of the Evidence Challenge

On appeal, Appellant argues that the evidence was insufficient to support his conviction for failure to comply with sex offender registration requirements. According to Appellant's brief, he "never intended to change his address, never had an anticipated move date, and never had a new address." Appellant also argues that because Sergeant Cox agreed on cross-examination that it was possible Vann was listed on the Beaumont Center rosters between March 11, 2023, when she first checked, and April 5, 2023, when Vann was arrested, the evidence was insufficient to show that he failed to report an anticipated move date or a new address. In addition, Appellant argues that the Beaumont Center rosters were inadmissible hearsay. Appellant also argues that there was no evidence he intended to change his address because "he tried to reside elsewhere but was denied the opportunity" so he stayed at the Beaumont Center. Therefore, Appellant argues there is no evidence that he had the required "intentionally and knowingly" mental state. According to Appellant, "[i]t was not sufficient to prove [] that appellant ambled away from the Beaumont Center from time to time, or that appellant was MIA on occasion without permission from his residence at the Beaumont Center." Appellant does not dispute that he is required to register annually as a sex offender, nor does he argue that he did not have notice of the reporting requirements or that he did not understand them.

8

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether a rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We give deference to the factfinder's responsibility to fairly resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Hooper*, 214 S.W.3d at 13. If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks v. State*, 323 S.W.3d 893, 899 n.13 (Tex. Crim. App. 2010) (citing *Jackson*, 443 U.S. at 326); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The factfinder is the sole judge of the weight of the evidence and credibility of the witnesses, and the factfinder may believe all, some, or none of the testimony presented by the parties. *See Febus v. State*, 542 S.W.3d 568, 572 (Tex. Crim. App. 2018); *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016) (citations omitted); *Clark v. State*, 573 S.W.3d 367, 372 (Tex. App.—Beaumont 2019, no pet.); *Hill v. State*, 161 S.W.3d 771, 775 (Tex. App.—Beaumont 2005, no pet.). The appellate court does not reweigh the evidence nor determine the credibility of the evidence, nor does it substitute its own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The standard of review is the same for direct and circumstantial evidence cases; circumstantial evidence is as probative as direct evidence in establishing guilt. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). Intent may be inferred from circumstantial evidence such as acts, words, and the conduct of the appellant. *Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004). In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting inferences, we "must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution[] and must defer to that resolution." *Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim. App. 1991).

Chapter 62 of the Texas Code of Criminal Procedure "defines the scope of Texas's sex offender registration program and delineates the legal duties of those who administer it and those subject to its requirements." *Crabtree v. State*, 389 S.W.3d 820, 825 (Tex. Crim. App. 2012). A person commits the offense of failure to comply with registration requirements if the person is required to register and fails to comply with any requirement of Chapter 62. Tex Code Crim. Proc. Ann. art. 62.102(a); *Crabtree*, 389 S.W.3d at 825; *see also Young v. State*, 341 S.W.3d 417, 425 (Tex. Crim. App. 2011) ("Article 62.102 is a generalized 'umbrella' statute that criminalizes the failure to comply with any of the registration requirements set out

10

in Chapter 62."). A person with a "reportable conviction"[3] must register with "the local law enforcement authority in any municipality where the person resides or intends to reside for more than seven days." Tex. Code Crim. Proc. Ann. art. 62.051(a). Additionally, if a person who is required to register under the sex offender registration program intends to change addresses, he must report the change in person to the local law enforcement authority designated as his primary registration authority not later than the seventh day before the intended change. *Id.* art. 62.055(a). If the person moves to a new residence, he must also report to the local law enforcement authority where the new residence is located not later than the seventh day after the move. *Id.* Article 62.051(h) provides:

> [] If a person subject to registration under this chapter does not move to an intended residence by the end of the seventh day after the date on which the person is released or the date on which the person leaves a previous residence, the person shall:
>
> > (1) report to the juvenile probation officer, community supervision and corrections department officer, or parole officer supervising the person by not later than the seventh day after the date on which the person is released or the date on which the person leaves a previous residence, as applicable, and provide the officer with the address of the person's temporary residence; and
> >
> > (2) continue to report to the person's supervising officer not less than weekly during any period of time in which the person has not moved to an intended residence and provide the officer with the address of the person's temporary residence.

---

[3] Article 62.001(5)(A) defines "reportable conviction" to include indecency with a child, the offense for which Appellant was convicted. *See* Tex. Code Crim. Proc. Ann. art. 62.001(5)(A).

11

Tex. Code Crim. Proc. Ann. art. 62.051(h).

Our sister courts have explained that the *mens rea* requirement for a Chapter 62 offense of failure to register pertains to the defendant's actual knowledge of his duty to register. *See Kelley v. State*, 429 S.W.3d 865, 873 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd) (citing *Varnes v. State*, 63 S.W.3d 824, 832 (Tex. App.—Houston [14th Dist.] 2001, no pet.)); *Robinson v. State*, No. 05-12-01502-CR, 2014 Tex. App. LEXIS 1194, at **5-6 (Tex. App.—Dallas Feb. 3, 2014) *aff'd*, 466 S.W.3d 166 (Tex. Crim. App. 2015); *Harris v. State*, 364 S.W.3d 328, 335 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *Juarez v. State*, No. 08-03-00148-CR, 2005 Tex. App. LEXIS 2239, at **9-10 (Tex. App.—El Paso Mar. 24, 2005) (not designated for publication), *aff'd*, 198 S.W.3d 790 (Tex. Crim. App. 2006); *White v. State*, 988 S.W.2d 277, 279-80 (Tex. App.—Texarkana 1999, no pet.). We agree.

In this case, Sergeant Cox testified that Vann had seen, signed, and initialed the paperwork that informed him that he was required to register annually on his birthdate. One of the forms Vann signed on July 6, 2021 stated in relevant part, "I understand that my duty to register is annually on my birthday[,]" and "My failure to comply with any requirement imposed upon me by Chapter 62 CCP is a felony charge." On another form, Vann initialed each of the reporting requirements, including the following:

> [] I must personally appear at the local law enforcement authority designated as my primary registration authority and verify my

registration information annually, every 90 days, or every 30 days, as designated by Chapter 62, Texas Code of Criminal Procedure.

. . .

[] No later than the 7th day before I move to a new residence in this state or another state, I must report in person to the law enforcement authority designated as my primary registration authority . . . and inform that authority and officer of my intended move.

. . .

[] If I lack a physical address assigned by a governmental entity, I must provide to the local law enforcement authority a detailed description of the geographical location where I reside or intend to reside for more than 7 days. I must report in person to the local law enforcement authority not less than once in each 30 day period to confirm my location until a physical address can be provided.

Sergeant Cox testified that on March 11th of 2023, Vann was not listed on the roster for the Beaumont Center at 2495 Gulf Street, the address where he had last registered in July of 2021, and he had not registered with the Beaumont Police Department since that date. Vann testified that in that same timeframe, he was in Port Arthur trying to find an attorney and that he had repeatedly tried to find another place to live. Vann testified that he called the police from Port Arthur to pick him up so he could turn himself in. Sergeant Cox also testified that she verified that Vann had not registered somewhere else. The parties agree that Vann was arrested in Port Arthur on April 5, 2023, or 25 days after Sergeant Cox noted that Vann was not listed as a resident at the Beaumont Center. On this record, the trial court could have believed that Vann intended to leave and did leave the Beaumont Center on or about March 11, 2023, he went to Port Arthur, and he failed to report a change in residence as required by the reporting requirements.

13

We find unpersuasive Appellant's argument that the Beaumont Center rosters upon which Sergeant Cox relied were inadmissible hearsay. Appellant failed to make this argument at trial. Hearsay evidence admitted without objection may still have probative value. *See* Tex. R. Evid. 802; *Chambers v. State*, 711 S.W.2d 240, 247 (Tex. Crim. App. 1986) (hearsay evidence admitted without objection is capable of sustaining a conviction); *see also Cox v. State*, No. 09-24-00098-CR, 2024 Tex. App. LEXIS 7097, at \*\*10-11 n.2 (Tex. App.—Beaumont Oct. 2, 2024, no pet.) (mem. op., not designated for publication) (failure to object to hearsay evidence at trial waives error for appeal) (citing Tex. R. App. P. 33.1).

Having viewed the evidence in the light most favorable to the verdict, we conclude that a rational factfinder could have found beyond a reasonable doubt that Appellant was guilty of the offense of failure to comply with sex offender registration requirements as alleged in the indictment. *See* Tex. Code Crim. Proc. Ann. arts. 62.051, 62.102. The trial court could have reasonably inferred from the evidence presented that Appellant knew that he had a duty to register, that he intended to change his residence, that he left the residence where he had last registered, and that he failed to register a change of address as required by the applicable statute. "This was not a determination so outrageous that no rational trier of fact could agree." *Wirth v. State*, 361 S.W.3d 694, 698 (Tex. Crim. App. 2012).

We overrule Appellant's issue, and we affirm the trial court's judgment of conviction.

AFFIRMED.

LEANNE JOHNSON
Justice

Submitted on January 8, 2025
Opinion Delivered January 22, 2025
Do Not Publish

Before Golemon, C.J., Johnson and Chambers, JJ.